UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.:_____

Jonathan Zean,

    Plaintiff,

    v.

U.S. Bancorp d/b/a U.S. Bank National Association, Unifund CCR Partners, Experian Information Solutions, Inc.,

    Defendants.

**COMPLAINT
WITH JURY TRIAL DEMAND**

## INTRODUCTION

1. Jonathan Zean was an "authorized user" of his brother's U.S Bank credit card. When his brother ended up in bankruptcy, U.S. Bank claimed Plaintiff was a "joint user" of the account and was therefore responsible for the entire debt. U.S. Bank has not been able to provide any documentation to substantiate its claim. Despite its lack of documentation U.S. Bank has sold the account to a collection agency leading to false characterizations of the debt by creditor, collector, and credit reporting agencies in violation of 15 U.S.C. § 1681 *et seq,* 15 U.S.C. § 1692, and pendant state law claims.

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C § 1681 *et seq.* and supplemental jurisdiction exists for the State Law claims pursuant to 28 U.S.C. § 1367.

## PARTIES

3. Plaintiff, Jonathan Zean, is a natural person who resides in the City of Eagan, County of Dakota, in the State of Minnesota. Plaintiff is a "consumer" as defined by 15 U.S.C 1692 a(3).

4. Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is a foreign corporation incorporated under the laws of Ohio and is authorized to do business in the State of Minnesota.  It has its principal place of business at 701 Experian Parkway, Allen, TX 75013.  Defendant Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) of the Act, to third parties.

5. Defendant U.S. Bancorp d/b/a U.S. Bank National Association (hereinafter "U.S. Bank") is the 6th largest commercial bank in the United States and engages in brokerage, insurance, investment, mortgage, trust and payment services products to consumers, businesses and institutions. U.S. Bank's parent company, U.S. Bancorp operates from an address of 800 Nicollet Mall, Minneapolis, MN 55402.

6. Defendant Unifund CCR Partners (hereinafter "Unifund") is a debt buyer that annually purchases millions of dollars of charged-off and distressed receivables from major banks and financial institutions.  Unifund operates from an address of 10625 Techwoods Circle, Cincinnati, OH 45242.

## **FACTUAL ALLEGATIONS**

### **Background Facts**

7. Plaintiff immigrated to Minnesota from Liberia in 2001.

8. To establish Plaintiff's credit and assist his transition, his brother, Samuel Zean (a/k/a Samuel Addo) added Plaintiff as an "authorized user" to Samuel's U.S. Bank credit card, account # 4719230103793680, in November of 2001.

9. Samuel had opened the U.S. Bank credit card in 1999.

10. Prior to receiving the U.S Bank credit card, Plaintiff and his wife obtained employment and secured their own credit cards.

11. Plaintiff, as a result, never used nor activated the card U.S. Bank sent to his brother to be used by Plaintiff.

12. Since Plaintiff did not need the card, beginning in 2001 Samuel attempted to have Plaintiff removed as an "authorized user."

13. Samuel's attempts to remove Plaintiff from the account were rejected by U.S. Bank who claimed Plaintiff was a "joint user" and was therefore responsible for the debt Samuel had incurred.

14. In or around October 2004, Samuel wrote to U.S. Bank requesting documentary evidence that Jonathan Zean was a "joint owner" rather than an "authorized user."

15. On October 6, 2004, U.S. Bank responded by stating that it was not able to locate any relevant documentation and could not substantiate its assertion that Plaintiff was a joint owner of the account. (*See* Ex. #1 attached hereto).

16. Despite the lack of documentary evidence U.S. Bank continued to insist that Plaintiff was responsible for the debt.

17. In 2005 Samuel declared Chapter 7 bankruptcy, listing and eventually discharging all debt related to account # 4719230103793680.

18. U.S. Bank sought to collect the funds from Plaintiff alleging he was a "joint user" and not an "authorized user."

19. To date U.S. Bank, despite repeated requests, has been unable to produce any document indicating or suggesting that Plaintiff is in fact a joint user, and yet has continued to maliciously and adversely report this account as Plaintiffs.

### Facts Regarding Plaintiff's 2006 Disputes

20. In or around March of 2006 U.S. Bank transmitted a letter through Samuel to Jonathan expressing its intention to pursue the debt via Plaintiff.

21. U.S. Bank had been reporting the alleged debt on Plaintiff's credit report.

22. On March 23, 2006, Plaintiff provided a detailed four page dispute letter to U.S. Bank explaining that he was not a "joint user" and never had been. (*See* Ex. #2 attached hereto).

23. U.S. Bank's April 10, 2006, letter responding to Plaintiff's March 23, 2006, letter stated that Plaintiff is a joint owner and responsible for the entire $5,104.84. (*See* Ex. #3 attached hereto).

24. Further, U.S. Bank advised that it would "vigorously pursue any remedies" available to it. Plaintiff took this threat to mean a lawsuit would be filed against

him, despite U.S. Bank having never provided even a scintilla of proof that the account was Plaintiff's account.

25. U.S. Bank's letter of April 10, 2006, letter was accompanied by the "U.S. Bank Secured, Classic, or Platinum Visa Agreement."

26. This agreement is not signed by either Samuel or the Plaintiff.  Further, paragraph 22 discusses "Authorized signers" but the agreement makes no mention of "joint owners" of an account.

27. U.S. Bank did not report the disputed account as "disputed" to a credit reporting agency at any time despite have actual knowledge of that fact.

28. Plaintiff disputed the alleged debt with Experian on March 23, 2006. (*See* Ex. 4 attached hereto).

29. Upon information and belief, Defendant Experian contacted Defendant U.S. Bank and the Bank verified the tradeline in April of 2006.

30. Plaintiff's Experian credit report dated August 25, 2007, indicates Experian verified the dispute in April 2006 with U.S. Bank in violation of 15 U.S.C. § 1681i and § 1681s-2(b) respectively.

**Facts regarding Plaintiff's 2008 Disputes of Unifund & U.S. Bank Accounts**

31. Undaunted in its malicious pursuit of Plaintiff for a debt it had no evidence that he owed, in 2007 U.S. Bank sold the alleged debt to Unifund.

32. Unifund then hired Como Law Firm to sue Plaintiff to collect the alleged debt.

33. Como Law Firm's December 11, 2007, letter to Plaintiff warning that the debt of $6072.74 had progressed from debt collection and had entered "prelitigation."

34. On January 7, 2008, Como Law Firm filed suit on behalf of Defendant Unifund against the Plaintiff.

35. Como Law Firm was advised that the account was disputed by the Plaintiff on January 14, 2008.

36. On January 15, 2008, Como Law Firm dismissed without prejudice the Complaint served upon the Plaintiff.

37. Plaintiff's January 2008 Trans Union and Experian credit reports all reflects delinquent and derogatory accounts being reported by both U.S. Bank and Unifund for the same account numbers (ending in 3680).

38. Plaintiff disputed both these bogus accounts with Trans Union pursuant to 15 U.S.C. § 1681i, via a letter received by Trans Union on January 31, 2008.

39. On February 14, 2008 Trans Union communicated the dispute to the two data furnishers and then responded by deleting the U.S. Bank tradeline but verified the Unifund tradeline as past due in the amount of $6,124, in violation of 15 U.SC. § 1681s-2(b) as to Unifund.

40. Plaintiff disputed the relevant accounts with Experian via a letter received by Experian on January 30, 2008. (*See* Ex. 5 attached hereto).

41. Experian responded on February 11, 2008, by verifying the accuracy of the Unifund entry and failing to respond to the U.S. Bank account dispute in violation of 15 U.S.C. § 1681i as to Experian and 1681s-2(b) as to Unifund.

42. Upon information and belief, Equifax/CSC is not reporting either the U.S. Bank or the Unifund tradelines at the present time.

43. As a result of the aforementioned statutory violations Plaintiff has been unable to obtain credit for a car, had a credit card application denied, and has been denied housing opportunities.

## TRIAL BY JURY

44. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. Amend. 7. Fed. R.Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATION OF THE FAIR CREDIT REPORTING ACT - 15 U.S.C. § 1681, *ET SEQ.* – AS TO DEFENDANT EXPERIAN

45. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

46. Defendant Experian prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, blatantly false information regarding Plaintiff, as defined in the Fair Credit Reporting Act.

47. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to employ reasonable procedures to assure maximum possible accuracy in the preparation of the consumer credit report concerning Plaintiff, which it disseminated to third persons.

48. As a result of Defendant Experian's conduct, action and inaction, Plaintiff's creditworthiness was damaged.

49. As a result of Defendant Experian's conduct, action and inaction, Plaintiff has suffered physical upset, emotional distress, humiliation, mental anguish and damages to his credit worthiness, which is defamation per se.

50. Defendant Experian's conduct, actions and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n of the Act.

51. Plaintiff is entitled to recover costs and attorney fees from Defendant Experian in an amount to be allowed by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o of the Act.

## COUNT II.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT - 15 U.S.C. § 1681s-2(b) – AS TO DEFENDANTS UNIFUND & U.S. BANK

52. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

53. Defendants willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations with respect to the disputed information.

54. As a result of Defendants' violations of 15 U.S.C § 1681s-2(b), Plaintiff has suffered out-of-pocket expenses, loss of time at his work, and detriment to his credit rating resulting in a frustrating inability to obtain credit easily if at all, emotional distress, embarrassment, mental anguish, anxiety and humiliation in an amount to be determined at trial.

55. Defendant's conduct, actions and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

56. Plaintiff is entitled to recover costs and attorneys' fees from Defendant in an amount to be allowed by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT III.

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT - 15 U.S.C. § 1692 ET SEQ. – AS TO DEFENDANT UNIFUND

57. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

58. That upon information and belief Defendant Unifund knew from the account records that it had received from Defendant U.S. Bank in the purchase of the account in question that Plaintiff disputed the debt at issue.

59. That Defendant Unifund, when it reported its tradeline to the credit reporting agencies, failed to indicate that Plaintiff disputed this account.

60. As a result of Defendant Unifund's violations of the FDCPA, Plaintiff has suffered actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant Unifund.

## COUNT IV.

### CREDIT DEFAMATION – AS TO DEFENDANTS U.S. BANK & UNIFUND

61. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

62. Defendants maliciously communicated to several parties including credit reporting agencies that Plaintiff owed a debt when it knew or should have known the debt was not Plaintiff's obligation.

63. Defendants' false communications, acts and omissions resulted, in defamation of the Plaintiff.

64. Defendants' false communications, acts and omissions harmed the reputation of a Plaintiff.

65. Defendants' false communications were the type that would and/or did deter third persons from associating or dealing with Plaintiff

66. Defendants' communications were the type that would injure Plaintiff's character, or subject him to ridicule, contempt, distrust, or would degrade him in the eyes of another.

67. Plaintiff has been seriously damaged as a result and is entitled to damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant for:

a.) actual damages in an amount to be determined at trial against each Defendant;

b.) statutory and punitive damages in an amount to be determined at trial against each Defendant.

c.)  costs and reasonable attorney fees pursuant 15 U.S.C. § 1692 and 1681 *et seq.*; and

d.)  other and further relief as may be just and proper.

Dated this 17th day of April, 2008.          ATTORNEYS FOR PLAINTIFF

By: s/ Thomas J. Lyons Jr.

**CONSUMER JUSTICE CENTER, P.A**
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #:0249646
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile: (651) 704-0907
tommycjc@aol.com

**LYONS LAW FIRM, P.A.**
Thomas J. Lyons, Esq.
Attorney I.D. #: 65699
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile: (651) 770-5830
tlyons@lyonslawfirm.com